### No. 6076.

### STATE OF LOUISIANA EX REL. ATTORNEY GENERAL AND F. E. DUMAS vs. THOMAS CAREY.

After issue joined, and after the case had been set down for trial on the summary docket, and on the day fixed for trial, the court granted a special jury to plaintiffs, and the defendant feeling aggrieved, because illegally delayed in the vindication of his legal right, took a bill of exceptions. The exception was well taken. At that stage of the case the supplemental petition of plaintiffs calling for a special jury should not have been entertained, and the order should not have been granted.

The authority of the Governor to remove a tax collector and appoint a successor is no longer an open question.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.* *Charles S. Rice* and *William R. Whitaker*, for relator and

4

appellant.    *John B. Cotton* and *Alfred Shaw*, for respondent and appellee.

WYLY, J.   In this controversy under the intrusion act for the office of tax collector of the Third District, parish of Orleans, Francis E. Dumas, joined as plaintiff with the State, appeals from the judgment in favor of defendant deciding the latter is entitled to said office.

After joinder of issue, and after the case was fixed for trial, plaintiffs filed a supplemental petition praying for a special jury.   The court granted the order, and continued for three days the case, to enable such jury to be drawn pursuant to an order to that effect directed to the commissioners for drawing juries in the parish of Orleans.

The sheriff's return on the order to the commissioners to draw the jury stated that he had not been able to find and serve the commissioners within the delay allowed by the court for the drawing and summoning of the special jury.   Thereupon plaintiffs moved for another order and further delay to obtain a special jury.   The court having refused it, and ordered the trial to proceed, plaintiffs took a bill of exceptions.

In the meantime the defendant had taken a bill of exceptions to the ruling of the court granting a special jury while the case was standing on the summary docket for trial on that day, pursuant to a previous fixing.

Both of these bills of exceptions are urged upon the attention of this court.   We will consider the first, which raises the inquiry whether the plaintiffs were entitled to a special jury at the stage of the case when the application for it was made.

The intrusion law makes trials of cases thereunder summary, because it is the interest of the State that all contestations for office shall be speedily determined.   It authorizes either party to call for a special jury. But the application should not be granted unless it is made pursuant to articles 494 and 495 of the Code of Practice.

Article 494 declares that " the plaintiff who wishes for a jury must pray for the same either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial."

Article 495 provides that " the defendant, in order to avail himself of the same privilege, must pray for a jury in his answer, or previous to the suit being set down for trial."

Here, after issue joined and after the case had been set down for trial on the summary docket, and on the day fixed for trial, the court granted a special jury to plaintiffs, and the defendant feeling aggrieved, because illegally delayed in the vindication of his legal right, took the bill of exceptions now under examination.

We think the exception was well taken, and, at that stage of the case, the supplemental petition of plaintiffs calling for a special jury should

not have been entertained, and the order should not have been granted. This disposes of plaintiffs' bill of exceptions, because if, as we find, they were not entitled to a special jury, we will not consider the controversy which they raised in regard to it at a later stage of the case. We come now to the merits of the case. Here we find that in January, 1875, the Governor appointed plaintiff, Francis E. Dumas, tax collector of the Third District of the city of New Orleans, and on the twentieth day of December following he removed him and appointed the defendant, Thomas Carey, the commission, oath of office, and bond of the latter being adduced at the trial.

The appellee raises the question as to the authority of the Governor to remove a tax collector and appoint a successor. This is no longer an open question. See the cases of State ex rel. Attorney General vs. Dougherty, 25 An. 119; State ex rel. Dayries vs. Yoist, 25 An. 396; State ex rel. Weber vs. Fisher, 26 An. 537.

It is therefore ordered that the judgment herein in favor of the defendant be affirmed with costs.