MONROE, O. J.
The petition herein filed alleges, in substance: That defendant is a railroad corporation established under the laws of this state, and that, about January 1, 1908, it began the construction of a portion of its railroad which crosses a certain public road in Jackson parish, and that:
“The ground where said railroad crosses said public road was, on said day, torn and dug up in such a condition that the citizens of the said parish of Jackson who traveled said public road have never since been able to travel it at said point; * * * that, after starting the construction of the * * * railroad, at the point where it crosses said public road, defendant immediately constructed a deep cut through the hill on which the said public road was located at said point, and that now * * * the said cut * * * is 20 feet deep where it crosses the place where the said public road is located legally; * * * that for several miles the said “public road runs on a high ridgeway, in approaching said point where the cut was made by said railway company from either direction on said public road; that, at the time said cut was commenced, the said public road at said point and for miles in either direction * * * was high, dry, and safe for travel; that defendant changed and turned said public road at said point so as to make it 300 yards longer or farther for people to travel than it used to be, or ought to be now; that it is 125 yards from the mouth of said cut and place where said company has changed said road to where its proper place is and where it used to run; that, where the changed position of said public road leaves the old and legally established line, it descends from either point; * * * that the descent and ascent around said cut * * * is very steep, and the ground over which it runs is usually wet and without foundation sufficient to support travel of wagons and horses; * * * that the place where said public road ran before it was thus changed was on a dividing ridge; * * * that the said road could not be changed around to the other side of said cut or hill and make any improvement as to distance, foundation, or kind of soil; that the said road, as now changed, has caused the persons who travel said road much inconvenience”
- — and that the present crossing is dangerous, by reason of the fact that those who approach it are unable to see the trains passing through the cut until they get very near to the railroad; that said public road had been established more than 20 years before the railroad was built, and that the citizens and others who use it desire that it shall be reestablished as before; that, in making the change as alleged, defendant acted without authority from the police jury; and that petitioner is therefore entitled, under section 3380 of the Revised Statutes, to recover $100 for each month during which the change has. continued, with interest.
The petition further alleges that defendant should be required to replace the road in its former position and make it as convenient and safe for travel as before the change, and, if it should choose to bridge the cut, should be required to build a certain described bridge, and keep it in repair.
Wherefore petitioner prays for judgment condemning defendant to pay $7,400, with interest, and to restore the road in question to its former position, and, should it elect to bridge the cut, that it be required to build a bridge such as is described, and keep it in a safe condition. Defendant filed an exception of “no cause of action,” the exception was maintained as to the demand for a moneyed judgment, and plaintiff, alone, has appealed.
As we interpret the allegations of the petition, the meaning intended to be conveyed is that, in originally constructing its railroad across the public road, defendant, by reason of the disturbance of the earth, rendered the public road impassable, and thereafter aggravated the obstruction by opening a cut, which, at the time of the filing of the petition, had grown to be 20 feet deep, and that in the meanwhile those who travel the public road found themselves obliged to make the detour which is described; in other words, that, finding an obstruction in the road upon which they were accustomed to travel, they chose their own route around the obstruction.
Section 3380 of the Revised Statutes appears, originally, to have formed part of an act of 1818 relating to public roads, and it declares that:
“No person shall turn, alter, or change any public road, unless it be by order of the police jury, under penalty of $100 for each month the *787 said road is altered or turned out of its old course; to lie .recovered, one-half to the use of the person suing for the same.”
Since the passage of the act thus quoted, railroads have come into use, and since its incorporation in the Revised Statutes the people of Louisiana have adopted several Constitutions, and more or less of legislation, with .which, for the purposes of the question here presented, the act must needs be construed.
Article 271 of the Constitution of 1898 confers upon “any railroad corporation, * * * the right to construct and operate a railroad between any points within the state,” and Act No. 204 of 1902, p. 395, amending and reenacting section 691 of the Revised Statutes, declares that:
“In all cases where railroads, * * * shall cross any highway, the corporation shall so construct the work as not to hinder, impede or obstruct its safe and convenient use,” etc.
And Act No. 157 of 1910, p. 236, is to the same effect.
The right to build a railway across a highway, though not expressly granted, results from a necessary implication, since otherwise the grant contained in the Constitution of the right to construct and operate a railroad between any points within the state, would have to be abandoned. Railroad Co. v. Railroad Co., 48 La. Ann. 856, 19 South. 868. It may happen, as it appears to have happened in this case, that, in exercising the right to cross a highway, a railroad company will obstruct the highway, and that the.public will, temporarily, or perhaps permanently, find their own way around the obstruction; and it may be (though we express no opinion on that subject) that the railroad company, in such case, would be liable, civilly or criminally; but we are of opinion that such obstruction would not constitute an altering or changing, within the meaning of Rev. St. § 3380, which, as we interpret it, refers to the substitution of one road for another, whereas the hindering, impeding, or obstructing to which section 691 refers is the rendering of an existing road impassable or difficult, without necessarily providing another.
The judgment appealed from is therefore affirmed.