HAMITER, Justice.
George A. Breffeilh and Mrs. Marjorie Sophie Holwill Breffeilh (the two referred to hereinafter usually as plaintiff and defendant, respectively) were married February 5, 1944, in Honolulu, Territory of Hawaii. Of the union one child, John Anthony Breffeilh, was born December 9, 1944.
On April 11, 1950, plaintiff instituted this suit at his domicile in Caddo Parish, Louisiana, praying only for a judgment of divorce and alleging that he and his wife had not lived together since April 20, 1947. The latter, cited through a curator ad hoc inasmuch as she then resided in California, employed counsel and made a personal appearance in the suit by the filing of an answer and a reconventional demand.
In her pleadings defendant admitted a continuous separation of more than two years; but she averred that it was because of plaintiff’s fault, not her own. She prayed for judgment awarding to her an absolute divorce, custody of the minor child, alimony for herself of '$300 per month, alimony for the support of the child of $200' per month, and reasonable attorney’s fees. She asked also for an accounting of her one-half of the property of the community.
After the case had been tried and submitted, but before decision, defendant’s counsel moved in writing to dismiss her re-conventional demand for alimony for herself. The court, on objection of counsel for plaintiff, refused to permit the dismissal. Later, it rendered judgment on the main demand granting unto plaintiff an absolute divorce and dissolving the community. On the reconventional demand the court awarded the defendant custody of the minor child and alimony of $75 per month for the child’s use and benefit; but it rejected her other demands.
From the judgment the defendant appealed. Plaintiff neither appealed nor filed answer to defendant’s appeal.
In this court the defendant contends as follows:
*848 1. The district court should have permitted the dismissal of her reconventional demand for alimony for herself.
2. In the alternative, in the event she cannot dismiss her reconventional demand for alimony for herself (and attorney’s fees in connection therewith), she is entitled to alimony for herself in the. sum of $150 per month, together with attorney’s fees.
3. The plaintiff should 'be required to pay her $150 per month for the support, maintenance and education of the minor child.
4. She' should be allowed reasonable attorney’s fees in connection with her demands for custody of ■ and alimony for the minor child.
In maintaining that she had the right to dismiss as of non-suit her reconventional ■demand for alimony for herself, defendant relies on Code Practice Article 491, reading: “The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
The latest case decided by this court in which we considered that article is Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689, 690. Therein, we said that the provisions applied not only to a plaintiff in a main demand but also to a defendant filing a reconventional demand (a plaintiff in re-convention). Also, in that case we made the further observation, supporting it with numerous authorities, that:
“It is the settled jurisprudence of this court that a plaintiff may discontinue his suit at any time prior to the rendition of judgment ‘unless thereby some acquired right of the defendant would be impaired.’ ”
■ Hence, to be determined here is the question: Would the dismissal by this defendant of the mentioned portion of her reconventional demand impair or prejudice any right acquired by this plaintiff?
The question, we think, must be answered in the affirmative. The defendant, as above shown, is a non-resident of Louisiana and was cited in this suit for a divorce only through a curator ad hoc. However, she appeared personally, submitting herself to the jurisdiction of the Caddo Parish District Court and creating issues in the suit which otherwise could not have been raised therein legally, including the one of whether or not she is entitled to alimony for herself. Through the personal appearance and the reconventional demand, therefore, the plaintiff acquired the right (obviously of much value and importance to him) of having such alimony claim determined by that court then and for all times. Clearly ■an impairment of that right would have resulted had defendant been permitted to non-suit her demand respecting such claim. And it follows that the motion to dismiss was correctly, denied.
*850 We consider now defendant’s alternative contention that she should be awarded alimony for herself in the sum of $150 per month, together with attorney’s fees. LSA-C.C. Article 160 provides that the court, in a case where the husband obtains a divorce upon the ground of two years’ continuous separation (as here), may allow the divorced wife alimony if she has not been at fault and also is without sufficient means for her maintenance. The word “fault”, as used in such article, contemplates “ * * * substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.” Felger v. Doty, 217 La. 365, 46 So.2d 300, 301.
In the instant ease the defendant, according to her admission, has an independent income of at least $219 net per month. But whether or not that is sufficient for her maintenance need not be decided. The evidence, as we appreciate it, preponderately shows that the continuous separation (the ground for the divorce) was proximately caused by substantial acts of the defendant violative of her marital duties and responsibilities. In denying alimony the trial judge evidently reached the same conclusion (although no written reasons for judgment were assigned), for he personally examined her at length and in great detail with respect to the matter of fault.
From th'e record it appears that the marriage of the parties, as well as the birth of their son, occurred in Honolulu while plaintiff was stationed there as a member of the United States Army. In November, 1945, he was discharged from military service and returned to Shreveport, his domicile. Shortly thereafter defendant and the son followed. In December, 1945, plaintiff went to Venezuela to work for the Creole Petroleum Corporation, and in April, 1946, the wife and child joined him. They lived together there until sometime in April, 1947, when the defendant departed for New York, taking with her their son. On leaving she told her husband, according to his testimony, that she was making the trip for the purposes of consulting a physician and receiving dental attention. However, on May 13, 1947, an attorney of -Nyack, New York, addressed a letter to plaintiff, stating therein:
“Your wife has consulted me with reference to certain difficulties that have arisen between’ you, and she advises me that she wishes a legal separation, possibly, ultimately a divorce. She tells me that there is no possibility of reconciliation.
“I presume this matter can be worked out by an agreement between yourself and your wife, determining your rights and providing for the sup *852 port and maintenance of your wife and child.”
No reply was made to this letter.
Plaintiff obtained no further information respecting the whereabouts of his wife and son until the receipt of a letter dated September 4, 1947, from an attorney of San Francisco, California, to which city she had gone in the meantime (June, 1947). The attorney said:
“Your wife has moved to San Francisco as you are no doubt aware. She has retained me to represent her in working out her legal problems. I will be happy to forward any communications from you to her.”
Thereafter, from time to time, plaintiff mailed letters to his wife and son, and also sent checks for the son’s maintenance and medical expenses, in care’ of the attorney (for several months her local address was not revealed to him). No funds were provided for the wife, plaintiff having stated in a letter to her that, “As soon as you return to my home or that of my parents, I shall resume paying your financial obligations.” The wife and son were not seen by him until the date of the trial of this case on October 26, 1950.
The reason given by defendant for her having separated from plaintiff, and about which the trial court questioned her at length, is that she had developed a feeling of loathing for him. This loathing began, she said, with plaintiff’s repulsive acts while in Honolulu of forcing himself upon her after the birth of their child, she then being very nervous, in ill health, afflicted with a certain female disorder, and under instructions of her physician not to have another child within two years. She futher testified that the loathing developed fully during her one year’s stay in Venezuela, while she was still experiencing the mentioned unfavorable physical condition, because of plaintiff’s cruel and inhuman-treatment of her, including his attitude of indifference and accusations of immorality; and that, as a result, she permitted him no sexual relations whatever with her during that year.
With respect to the asserted unfavorable physical condition of defendant and the cruel and inhuman treatment of her by plaintiff, her testimony is in general corroborated by that of her mother who resided with the parties during the greater part of the period of their living together. But such assertions, except as to defendant’s nervousness, appear to be refuted by plaintiff’s emphatic denial thereof and by the testimony of several other -persons residing in Venezuela while the litigants were there and who were well acquainted with them. Two of these, who had visited in their home, testified that plaintiff always treated his wife in a gentlemanly, normal manner and made no derogatory remarks about her- in their presence; but that defendant was rather rude and “rough” towards plaintiff on occasion. A third witness was a physician of Venezuela who *854 made physical examinations of defendant several times. These examinations disclosed that defendant had no physical abnormality, as she claims to have had, although she was very nervous.
Therefore, we agree with the trial judge that defendant was at fault regarding the separation (assuming that he so found), and that she is not entitled to alimony for herself.
We need not and do not determine the question of the right of defendant to recover attorney’s fees, her demands for which were rejected by the trial court. If it be assumed that she has that right, no recovery can be permitted herein for the simple reason that the evidence is insufficient to sustain an award. It was not shown what defendant had paid her attorneys, if anything, or whether she had agreed to pay them. True, two prominent attorneys of the Shreveport Bar testified concerning the claim;' but neither was familiar with the various aspects of the case and, consequently, each was unable to give a definite opinion as to an appropriate award. Under these circumstances, we think, defendant’s demands for attorney’s fees were correctly rejected.
There appears no good reason for our disturbing the alimony award of $75 per month for the maintenance of the minor child. Plaintiff voluntarily paid this amount prior to the institution and during the pendency of the suit, and it obviously was deemed by the judge to be ample at that time, particularly in view of the age of the child (a boy) which was then five years. If it has since become insufficient; an increase can be obtained in the trial court.
On the day this cause came on for argument here, defense counsel filed a document termed “Alternative Motion to Remand for a New Trial.” Attached to the motion were photostatic copies of two letters purportedly written by plaintiff which defendant alleges support her charge that her husband made false accusations of immorality against her, this being one of •the causes for the separation. Defendant also alleges that such letters are material to her position and that she was unaware of them, although she made diligent effort to secure all such letters prior to the trial and judgment in this case. She prays, in the event her reconventional demand for alimony for herself cannot be dismissed, “that this case be remanded to the lower court for a new trial, so that the newly discovered evidence referred to in this motion can be introduced.” The affidavit annexed to the motion was executed only by one of defense counsel, and therein he stated that the allegations of fact made are true and. correct to the best of his information.
The motion will be denied. Among other reasons we entertain considerable doubt as to defendant’s alleged due diligence to discover the letters before trial. One, dated August 27, 1946, was addressed to defendant’s mother; the other, dated *856 ■June 27, 1947, appears to have been written to a friend of the litigants in Honolulu, and by her delivered into the possession of defendant or her mother. And the record discloses that, the two last named persons lived continuously together for almost three years prior to the trial.
For the reasons assigned the judgment of the district court .is affirmed.-'
McCALEB, J., concurs in the decree.
'LE BLANC, J., concurs.