75 So.2d 356 (1954)
Cornellus BETZ
v.
HEARIN TANK LINES, Inc.
No. 3862.
Court of Appeal of Louisiana, First Circuit.
October 6, 1954.
Rehearing Denied November 18, 1954.
Writ of Certiorari Denied January 10, 1955.
*357 Durrett & Hardin, W. A. Hunter, Baton Rouge, for appellant.
Brumfield, Hebert & Rush, Kantrow, Spaht & West, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for intervenor.
CAVANAUGH, Judge.
The defendant has appealed devolutively from a judgment of non-suit rendered in this cause on motion of the appellee made in the district court.
The suit was filed on October 17, 1952, bearing Docket No. 43413. A petition of intervention was filed on October 20, 1952, by the Travelers Insurance Company, and an answer to the suit was filed by defendant on February 6, 1953, and an answer to the intervention was filed by the defendant on February 9, 1953.
After issue was joined on February 9, 1953, the case was assigned for trial on March 3, 1953. On March 2, 1953 the assignment for trial was cancelled at the request of counsel for plaintiff with no objection on the part of counsel for defendant. The case was reassigned for trial on March 20, 1953. On March 16, 1953 the assignment for March 20th was called on the docket and counsel for defendant announced that he was ready to go to trial; plaintiff's counsel made an oral motion for a continuance and defendant's counsel *358 requested that a written motion be filed by the plaintiff, whereupon the matter was laid over until March 17, 1953. On that date plaintiff filed a written motion for a continuance and counsel for defendant asked that the record show that he had no objection to the first two grounds in the continuance but was opposed respecting the third ground. The motion for a continuance at that time was based upon the following grounds:
"(a) That on March 20, 1953, counsel for plaintiff will be tied up in the trial of another case in this Division, namely: Sidney S. Staring VS. Bessie Varnado Staring, Number 43,182, which case was assigned prior to the present case, and which will require not only the time and efforts of the counsel in preparing for it, but also most of the day; and that consequently, plaintiff is entitled to a continuance for that reason alone.
"(b) That this suit arises out of an explosion of a tank truck and will require the testimony of experts on this question as well as the question of the injuries which the plaintiff sustained, and that plaintiff is not prepared to go to trial on March 20, 1953, and desires and is entitled to a continuance for this reason alone.
"(c) That this suit was filed on October 17, 1952, that the answer by defendant was not filed until February 6, 1953, and that shortly after the answer was filed, defendant assigned it for trial on March 3, 1953, and then reassigned it for trial on March 20, 1953; that there is pending in the Federal District Court of Louisiana a suit arising out of the same accident against the insurer of the defendant in the present suit, and this case in the Federal Court has been assigned for May 6, 1953; and counsel for plaintiff would prefer to try the case in the Federal Court."
Thereupon, the assignment for Friday, March 20, 1953 was cancelled from the docket and upon motion of counsel for defendant the case was reassigned for trial on the merits for April 1, 1953, and the record shows that counsel for defendant and counsel for intervenor were present in court at that time.
On April 1, 1953 the case was called for trial according to the last assignment, and counsel for defendant stated he was ready to go to trial, and counsel for plaintiff at that time moved that the case be dismissed at plaintiff's costs. On April 7, 1953 a formal judgment was presented to the court and signed, dismissing the suit as of nonsuit and without cost. At the time the judgment was signed counsel for defendant objected to the language of the judgment of dismissal, objecting to the case being dismissed as of nonsuit. On January 4, 1954, in accordance with Rule No. 5, the case was transferred from Division "C" to Division "B" of the Court, and on the same day the defendant filed a petition and obtained an order of appeal returnable to this Court on February 5, 1954. The transcript was lodged in this Court on February 3, 1954, and on May 10, 1954 the defendant-appellant filed a motion in this court to remand the case to the District Court so defendant-appellant could offer proof of the filing of a second suit by the plaintiff against this same defendant.
Plaintiff-appellee filed a motion to dismiss the appeal, which he later amended to denominate it as an answer to the appeal, in which he sets out that this suit was dismissed as of non-suit on April 7, 1953; that at the time this suit was filed in the Nineteenth Judicial District Court another suit was filed in the United States District Court for the Eastern District of Louisiana against defendant's insurer, which suit is still pending and being Civil Action No. 1024, and entitled "Cornelius Betz v. Indemnity Insurance Company of North America", and that on August 28, 1953, appellee employed other counsel, towit the firm of Brumfield, Hebert & Rush, to assist his attorneys, Kantrow, Spaht & West, in the prosecution of his suit for damages, and that on October 9, 1953, he filed a new suit in the Nineteenth Judicial *359 District Court in and for the Parish of East Baton Rouge entitled "Cornelius Betz v. Hearin Tank Lines, Inc.", being No. 47,307 on the docket of that court; that defendant was granted additional time in which to plead to this last numbered suit, and on January 4, 1954 it filed a petition for a devolutive appeal from the judgment of dismissal in Suit No. 43,413, and on the same day that the order was signed granting such an appeal, defendant filed in Suit No. 47,307 a plea of lis pendens based on the ground that a suit was pending and praying for a dismissal of Suit No. 47,307. Appellee prays that the appeal be dismissed and that he be awarded damages for a frivolous appeal in the sum of $3,284.39 in accordance with Article 907 of the Code of Practice. This pleading was filed in this Court on May 11, 1954. On May 18, 1954 appellee filed what he styled an "amended answer" to the appeal, in which he sets out that the prayer of his answer to the appeal was erroneously prepared and he desired that it be amended and, instead of praying that the appeal be dismissed, by this amendment he asked that the judgment of the trial court be affirmed and that he be awarded damages for frivolous appeal. This case was argued and submitted to this Court on the 18th day of May, 1954, the amended answer having been filed at the time the case was argued.
We will first consider the motion to remand.
The defendant-appellant has moved to remand this case to permit it to show the filing of Suit No. 47,307 and the contents thereof after the first suit was dismissed on April 7, 1953 and from which the appeal was taken. A copy of this suit being attached to appellant's motion. The plaintiff-appellee, in his answer to this appeal, specifically alleges that this Suit No. 47,307 was filed as alleged in the motion to remand and that it was dismissed on an exception of lis pendens in the District Court because of the pendency of this appeal. It would serve no useful purpose to remand the case to permit the appellant to make proof of the filing of that suit and its contents.
Therefore, the motion to remand is overruled.
The issues presented by the appeal are stated by the appellant as follows:
"(1) Does a plaintiff have an absolute right, in every stage of a suit previous to judgment being rendered, to discontinue his suit even if the dismissal prejudices and impairs acquired rights of a defendant?
"(2) If a plaintiff's rights to dismiss his suit are not absolute, but are subject to the condition that he cannot dismiss his suit if acquired rights of a defendant will be prejudiced and impaired, then did the dismissal of plaintiff's suit herein prejudice or impair any acquired rights of defendant?"
Appellant admits that under a literal interpretation of Article 491 of the Louisiana Code of Practice, a plaintiff has an absolute right to dismiss and discontinue his suit at every stage of the proceeding prior to judgment upon the payment of costs, but contends that, that right is not absolute unless the dismissal can be done without prejudice to any acquired right of the defendant. The appellant cites and relies upon the recent case of Breffeilh v. Breffeilh, decided by the Supreme Court on February 18, 1952, and which was amended on rehearing on July 3, 1952, reported in 221 La. 843, 60 So.2d 457.
Appellant insists that its rights are prejudiced here, first, because the plaintiff in the first suit did not pray for or request a trial by jury in the original suit, and that after defendant filed an answer and the case was set down for trial and continued three times and finally dismissed, the dismissal of the first suit in which no jury was requested and the filing of a second suit in which a jury is requested, deprives it of an acquired right because it had the right in the first suit, which was dismissed, to have it tried by the court without the intervention of a jury. It reasons that if it is cast in suit, the costs will run at least a minimum of $300 or $400, or an overall cost of $1,000 and that this is a very substantial *360 and real right which defendant has lost by virtue of the dismissal. The second ground urged by the appellant, that it has been prejudiced by the dismissal of the first suit as of non-suit, is that the plaintiff in the first suit only claimed $32,843.92 and that in the second suit he claims $249,793.90.
It occurs to us, as was stated by Judge Hawthorne in Breffeilh v. Breffeilh, supra, that the right of a plaintiff in a suit to have it dismissed at his cost at any time before judgment is an absolute right under Article 491 of the Code of Practice. That is what we held in the case of Cryer v. Cryer, La.App., 44 So.2d 517, recently decided by us, but such dismissal does not affect any rights acquired by the opponent prior to the dismissal. The contention that the defendant-appellant has lost the right to object to a trial by jury in this second suit and to have the case tried by the court is not maintainable because, if we understand correctly, the statement of counsel for appellee is that the second suit has been dismissed and, if that is correct and the trial court's judgment is sustained as to the dismissal here of a non-suit, then the plaintiff is out of court on both cases and has no suit pending.
The other ground urged by the appellant is that the amount claimed in the second suit is considerably in excess of that claimed in the first suit. There is no merit in this contention.
The prejudice which the law contemplates is prejudice to substantive rights. The following is quoted from 27 C.J.S., Dismissal and Nonsuit, § 26, p. 182:
"A plaintiff's right to take a voluntary nonsuit or dismissal depends on the effect it will have on defendant's rights. He may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, but he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing defendant's rights will be prejudiced. Thus plaintiff cannot take a voluntary discontinuance where defendant has acquired in the course of the proceeding some substantial right or advantage which would be lost or rendered less efficient by dismissal, or he will be deprived of any just defense. Nevertheless the injury which would thus be occasioned to defendant must be of a character that deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eye of the law would be compensated by costs."
and under footnote 28 is found the following:
"That defendant has established right to trial without jury will not bar a discontinuance, although in a new action plaintiff will be able to obtain a jury trial.Grosener v. Abramson, 162 Misc. 731, 295 N.Y.S. 372."
The matter of harassment, according to the decision of the Supreme Court in Breffeilh v. Breffeilh, supra, is not a legal ground to prevent the dismissal of a suit before judgment and, as the court said, it is a matter for the Legislature and not for the Court.
With reference to the question of whether plaintiff will be entitled to a jury trial when and if he files another suit, that will be a matter for the Trial Judge to pass upon when the suit is filed and an order presented requesting a jury. We will say, however, that it is our opinion that under Articles 494 and 495 of the Code of Practice the right to a trial by jury was waived by both parties by not timely requesting the court for a jury after issue was joined and the case set down for trial. Neither the plaintiff nor the defendant could have requested a jury over the objection of the other at the time the *361 judgment of non-suit was entered. Both parties had waived this right and then either party had the right to have the case tried by the judge without the intervention of a jury, unless there was an agreement that it would be tried by a jury. The plaintiff at the time of the dismissal could not have requested a jury by a supplemental petition. State ex rel. Attorney General v. Carey, 28 La.Ann. 49; Taylor v. Shreveport Yellow Cabs, La.App., 163 So. 737, 739. Neither can he do it by a judgment of non-suit, followed by another suit on the same cause of action between the same parties. If he could, he could do indirectly what the law says he can not do directly. We find the law to be that once a case has reached the jury docket of the court it has to remain there unless removed by the consent of both parties. And if both parties have waived their right to request a jury trial by permitting the proceeding to reach a certain stage before requesting a jury trial, the case becomes one for the court and it can not be transferred to the jury docket of the court without the consent of both parties. Putnam & Norman v. Levee, 180 La. 101, 156 So. 189; Lewis v. Klotz, 39 La.Ann. 259, 1 So. 539; Sweeney & Carr v. Barbin, 2 Mart., O.S. 48; Livaudais v. Spear, 10 La.Ann. 24; Warfield v. Hamlet, 28 La. Ann. 814. The law announced in these cases pertain to procedural rights of party litigants and are not substantive rights.
The appellee has asked for damages for frivolous appeal. We cannot say that the appeal is frivolous, and since the judgment appealed from is not a money judgment but has only delayed the plaintiff in the prosecution of his claim, no damages can be recovered, especially in view of the fact that the record shows that plaintiff has been more responsible for the delays in the trial of his case than the defendant.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.