McBRIDE, Judge.
This appeal presents a suit (which was consolidated for the purposes of trial with the case Stockwell v. Gulf Engineering Company, Inc., La.App., 83 So.2d 386 in which an opinion and decree was handed down by us this day) brought by Mrs. Gloria Gomez Stockwell against the same defendants impleaded in the other suit, for damages aggregating $62,000, for physical injuries sustained by her, for the increased burden placed upon her of caring for her injured child, Linda Stockwell, for the loss of Linda StockwelPs prospective earnings, and also for the loss to plaintiff resulting from the death of her son Elmer, aged 3, which damages were occasioned by the accident which happened on Highway 61, on October 9, 1952, about 7:45 a. m.
The issues are the same as in the other case and judgment was rendered in favor of Mrs. Stockwell for $15,000 against The Travelers Indemnity Company which has appealed. The suit as against Gulf Engineering Company Inc., and New Amsterdam Casualty Company was dismissed, and Mrs. Stockwell has appealed from that portion of the judgment.
Gulf Engineering Company, Inc., and New Amsterdam Casualty Company have moved for the dismissal of both appeals on the ground that Mrs. Stockwell on December 23, 1954, compromised her judgment against The Travelers Indemnity Company, and that the appeals, therefore, present only moot questions.
In the agreement of compromise alluded to in the motion to dismiss Mrs. Stockwell acknowledges receipt of $14,000, cash, paid by The Travelers Indemnity Company in full settlement of the judgment rendered in her favor, and that as a further consideration for such payment Mrs. Stockwell agrees to prosecute her appeal in the suit, at her cost, with the understanding that in the event New Amsterdam Casualty Company and Gulf Engineering Company, Inc., or either of them, are cast in solido with The Travelers Indemnity Company, or in the event New Amsterdam Casualty Company or Gulf Engineering Company, Inc., has judgment rendered against either or both of them on appeal, that Mrs. Gloria Gomez Stockwell shall reimburse The Travelers Indemnity Company to the extent of $7,000, or if the amount received by Mrs. Stockwell from either or both of said mentioned defendants is less than $7,000, such amount as is received shall be paid by her to The Travelers Indemnity Company to reimburse it.
The “Receipt and Release” which accompanied the $14,000 cash payment reads as follows:
“Before Me, the undersigned authority, a Notary Public, duly commissioned and qualified, personally came and appeared :
“Mrs. Gloria Gomez Stockwell, who, being first duly sworn, did depose and say:
“That she is the plaintiff in the following suit:
“ ‘Mrs. Gloria Gomez Stockwell versus Gulf Engineering Company, Inc., et als’, No. 325,064 of the docket of the Civil District Court for the Parish of Orleans, wherein, affiant sued for personal injuries to herself and for the death of her minor child, Elmer E. Stockwell;
“That judgment was rendered by the Civil District Court for the Parish of Orleans in said suit, for the amount of Fifteen Thousand and No/100 ($15,-000.00) Dollars, plus legal interest and costs;
*394 “That the defendant, The Travelers Indemnity Company, has appealed from said judgment, suspensively, and that said suit is pending on appeal;
“That affiant has appealed the judgment of Court in said case, insofar as it dismissed suit against Gulf Engineering Company, Inc., and New Amsterdam Casualty Company, which appeal is also pending before the Court of Appeal, Parish of Orleans;
“That affiant acknowledges receipt of Fourteen Thousand and No/100 ($14,-000.00) Dollars-, cash, paid by The Travelers Indemnity Company, in full settlement of the judgment rendered in said proceedings against it;
“That, as a further consideration for said settlement, Mrs, Gloria Gomez Stockwell agrees, hereby, to prosecute the appeal in said suit on the record as it presently stands, at her cost, with the further understanding that in the event New. Amsterdam Casualty Company and Gulf Engineering Company, Inc., or either of them, are cast in solido with The Travelers Indemnity Company, or, in the event New Amsterdam Casualty Company or Gulf Engineering Company, Inc., has judgment rendered against either of them or both of them on appeal, that Mrs. Gloria Gomez Stockwell shall return and reimburse The Travelers Indemnity Company the full amount of Seven Thousand and No/100 ($7,000.00) Dollars, one-half of the amount paid as the cash consideration for the release, and that said amount shall be paid to The Travelers Indemnity Company from the first monies received from Gulf Engineering Company, Inc., and/or New Amsterdam Casualty Company;
“That, in the event less than Seven Thousand and No/100 ($7,000.00) Dollars is received from either or both of said.companies, after, diligent prosecution of said appeal by Mrs. Stockwell and-thé execution of any judgment rendered on appeal, the full amount shall be paid to The Travelers Indemnity Company, to reimburse it, but, in no-event, shall Mrs. Stockwell, affiant, be responsible to The Travelers Indemnity Company for any amount of money other than such monies as may be obtained from New Amsterdam Casualty Company and Gulf Engineering Company, Inc., in these proceedings;
“That, in the event Mrs. Gloria Gomez Stockwell fails and refuses to prosecute the said appeal to a proper conclusion and to execute the judgment, if obtained by her on appeal, against said Gulf Engineering Company, Inc., and New Amsterdam Casualty Company, then The Travelers Indemnity Company may proceed, in her name, to conclude said appeal and to execute any judgment that may be obtained against said Gulf Engineering Company, Inc., and New Amsterdam Casualty Company.
“Mrs. Gloria Gomez Stockwell”
We are unable to agree with movers that the legal effect of Mrs. Stockwell’s agreement with The Travelers Indemnity Company was that she divested herself of all of her rights and claims against the other defendants or that the controversy presented by the appeals is now moot.
The settlement between plaintiff and The Travelers Indemnity Company was made subject to plaintiff’s right to enforce her claim for damages against the other two defendants. Although this is not stated in the Receipt and Release in so many words, it appears clear from the import of the instrument, as we construe its language, that Mrs. Stockwell intended to enforce her claims against the alleged codebtors and to prosecute her appeal against them. LSA-C.C. art. 2203 provides:
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless, the creditor has expressly .reserved his right- against the latter:
' “In the latter case,' he can riot claim the debt without making á deduction of- the’ part of him to whom -he has made , the remission.”
*395 We think that the document signed by Mrs. Gloria Stockwell effectively reserves her right against her alleged solidary co-debtors.
The question raised by the motion to dismiss is similar to that presented to the Supreme Court in Landry v. New Orleans Public Service, 177 La. 105, 147 So. 698, 699, wherein an action was brought by the father on behalf of his minor child against the New Orleans Public Service, Inc., and the City of New Orleans in solido, for personal injuries sustained by the minor in an automobile accident. The district court gave plaintiff a judgment against the City of New Orleans and rejected the demand against New Orleans Public Service, Inc. Plaintiff appealed from that part of the judgment rejecting his demand against the New Orleans Public Service, Inc., and the City of New Orleans appealed from that part of the judgment awarding damages against it. Subsequently it developed that the Standard Accident Insurance Company, the insurer of the automobile in which the minor was riding at the time she was injured (which was not impleaded in the suit as a defendant), paid $2,500 in cash to the father of the minor and took from him a release of the minor’s claim growing out of the accident as against it, together with a subrogation to the insurance company of all of the rights and actions growing or arising out of the accident which the minor had against “ ‘the City of New Orleans and any and all other parties by whose fault the said accident and personal injuries were caused in whole or in part.’ ”
The Court upheld the contention of the plaintiff that the intention expressed in the compromise agreement was not to release the defendants in the suit but was, on the contrary, to hold them for the entire debt. In the course of its opinion the Supreme Court had this to say:
“Irrespective of whether under article 2203 of the Civil Code the discharge of one joint tort-feasor discharges his cotort-feasors, or whether under the facts Gumbel and Mrs. Moses and the defendants are solidarily liable to plaintiff, we think that plaintiff in receiving the payment of $2,500 from the insurance company did reserve his rights against the city of New Orleans and the New Orleans Public Service, Inc.
“It must be remembered that there is nothing sacramental about the form in which such a reservation shall be made. No one is presumed to renounce a right unless it clearly appears that he intended to do so. And the intention to reserve a right against codebtors may be inferred from any expression in the release of one codebtor negativing the intent to release the other codebtors. Cusimano v. Ferrara, 170 La. 1044, 129 So. 630.”
The motion to dismiss the appeal is denied.
We held in deciding the case of Stockwell v. Gulf Engineering Company, Inc., La.App., 83 So.2d 386 that the accident was caused solely through the fault and negligence of Julius C. Stockwell, and for the reasons there assigned in our opinion there is no error in the judgment now before us.
It is ordered, adjudged and decreed that the judgment appealed from be affirmed.
Affirmed.