LOTTINGER, Judge.
This is a suit for damages resulting from' the wrongful death of the son of petitioners. Petitioners are Tom Garafola and his wife,. Mrs. Louise Garafola. The defendants are Superior Insurance Company of Dallas, Texas, the liability insurer of a truck which ran into a Buick automobile in. which deceased was a guest passenger,. Mike Sampere, the driver of the Buiclc automobile, and State Farm Mutual Automobile Insurance Company, the liability insurer of the Buick automobile. All three defendants filed answers, and the case-was tried and submitted to the Court on the merits. While the matter was under consideration by the Court, and prior to. judgment, the petitioners filed a motion asking that their suit against Superior Insurance Company be dismissed without prejudice, and reserving all their'rights as. to the other two defendants. The lower court dismissed the suit without prejudice-as against Superior Insurance Company,, and the other two defendants filed a rule- *340 to show cause why the order rendered by the lower court dismissing' the suit as to Superior Insurance Company should not be set aside. The Superior Insurance Company subsequently filed a similar rule to show cause why the order dismissing it as a party defendant without prejudice should not be set aside, and both rules were consolidated for hearing. ' The District Court dismissed the suit against Superior Insurance Company with prejudice and entered judgment against the other two defendants, which judgments have subsequently been satisfied. Petitioner appeals from that portion of the judgment below which dismissed the Superior Insurance Company with prejudice, and claims that the dismissal should have been without prejudice as was originally requested by petitioner.
The only issue before this Court is whether Superior Insurance Company should have been dismissed without or with prejudice. Article 491 of the Louisiana Code of Practice reads as follows:
"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
The petitioner contends that the lower court’s original order of dismissal without prejudice was correct in accordance with the provisions of Article 491 of the Louisiana Code of Practice, and with the holdings of Collins v. Nichols, 2 Mart., O.S., 128 which holds that the Court cannot set aside a voluntary non-suit once same has been entered.
Now the answers filed by all defendants to the claim of petitioners did not contain any reconventional demands whatsoever. The jurisprudence in this State, as determined by the Supreme Court in St. Bernard Trappers Association, Inc., v. Michel, 162 La. 366, 110 So. 617, 620, is as follows:
“It is elementary that the real and only plaintiff in a suit has control of it and has the right to discontinue his suit at any time, even after issue is joined by answer, except where there is reconventional demand on the part of the defendant or where the rights of such defendant will be prejudiced by dismissal. [Code of Practice], Article 491.”
The doctrine of the St. Bernard Trappers case has been extended so as to allow petitioner to discontinue his suit at any time before judgment, but he cannot by so doing defeat the defendant’s rights to his demand and reconvention. Thompson v. McCausland, 136 La. 784, 67 So. 826.
There was no reconventional demand filed herein by defendant, Superior Insurance Company, however, said defendant now claims that the petitioner has filed a suit on the same cause of action in the Federal District Court, and by dismissing the suit without prejudice after trial but before judgment below, the defendant has been prejudiced by harassment.
In Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457, 462, the husband, who resided in Caddo Parish, filed suit against his wife, who was a resident of the State of California, for divorce on the grounds of two years separation. The wife was cited through an attorney ad hoc and she voluntarily came to Louisiana and presented herself before the Court and filed answer, asking for alimony. The case was tried and submitted but before judgment a written motion was presented by the defendant wife who dismissed her recon-ventional demand for alimony for herself. The lower court refused to dismiss the defendant’s demand for alimony and an appeal was taken to the Supreme Court. The Supreme Court at first held that by the defendant filing a reconventional demand for alimony for herself, the petitioner had gained a right to have the question of alimony settled once and for all and that to have a dismissal of the reconventional demand would impair or prejudice a right of petitioner, and held that the lower court *341 was correct in refusing to dismiss the demand in reconvention. A rehearing was granted, however, by the Supreme Court in which the Court reversed its original decision and held that a dismissal of the reconventional demand would not prejudice any rights of petitioner. The Court said:
“In the instant suit, the defendant in her motion to dismiss her recon-ventional demand for alimony for herself did not demand the right to have the suit of plaintiff for an absolute divorce discontinued. By her motion she did not seek to affect plaintiff’s demand, nor could the granting of her motion interfere with, or prejudice, the rights of the plaintiff to secure the thing he prayed for in his petition, that is, a divorce, or impair any ‘acquired right’ of the plaintiff.
“Counsel for appellee argue that, if appellant’s motion to discontinue her reconventional demand for alimony is sustained, he will be prejudiced because his wife could renew her demand for alimony in some other forum or state, and that he would be subject to harassment by such a suit, and that for this reason he is entitled to have the question of her right to alimony settled in the instant suit. The answer to this, of course, is that whether she will sue him in some other forum is, at the most, conjectural, but, if she does, he can defend against that demand also. Counsel have cited no law .indicating that the plaintiff will lose his right to defend against a subsequent claim if this demand is discontinued. Plaintiff no doubt is sincere in his contention that it would be to his advantage to have the alimony matter settled now, and that further litigation on that matter will subject him to ‘harassment’. This complaint is one that should properly be addressed to the Legislature, because such a result to a defendant is a natural consequence of the right given to a plaintiff under Article 491.
“The cases cited by appellee do not support his contention that defendant, plaintiff in reconvention, cannot dismiss her reconventional demand under the facts of the instant case. What we have said here is in no way to conflict with, or contrary to, these authorities, and they are not apposite or controlling here.”
In the case of Betz v. Hearin Tank Lines, Inc., 75 So.2d 356, a similar question was before this Court. A suit was filed by petitioner for injuries resulting from an automobile accident. After several delays on trial of the merits, the petitioner asked for and was granted a dismissal as of non-suit. The defendant appealed claiming that such dismissal was prejudicial because in the original suit a jury trial had been waived by petitioner and that now petitioner was free to file another suit on -the same cause of action and to have trial by jury. We held that Article 491 of the Louisiana Code of Practice grants the petitioner an absolute right to dismiss his suit at any time before judgment, provided that said dismissal does not prejudice or impair the rights of defendant. In this suit, we declared that the prejudice which the law contemplates is prejudice to substantive rights, and that the matter of harassment is not a legal ground to prevent the dismissal of a suit before judgment.
It therefore appears that under the settled jurisprudence of this State, in its interpretation of Article 491, the petitioner has an absolute right to dismiss his suit at any time prior to judgment, provided that such dismissal does not prejudice any substantive rights of the defendant. Harassment by virtue of filing of another suit in a court of concurrent jurisdiction is not a substantive right even if the amount claimed in the second suit might be greater than the demand in the first suit.
It therefore appears to us that the judgment of the lower court in dismissing *342 the suit without prejudice was correct, and that the lower court erred in amending said judgment. There will be judgment accordingly.
Upon argument of this case before this Court, the record showed that a motion and order of dismissal had been filed herein in so far as Mike Sampere and State Farm Mutual Automobile Insurance Company, which said motion and order referred to an act of compromise of the judgment below and canceled same in so far as the said two defendants were concerned. Counsel for Superior Insurance Company did not receive a copy of the said motion and order, which was dated January 22, 1958, and had no knowledge thereof until the hearing on appeal in this Court. He therefore requested, and was granted permission to file a supplemental brief on the question of whether or not said compromise had the effect of discharging his client from any liability. In the supplemental brief, counsel for Superior Insurance Company claims that the act of compromise between the other parties to this law suit did actually discharge Superior Insurance Company under the provisions of Article 2203 of the LSA-Civil Code which provides that a discharge in favor of one of the co-debtors in solido, discharges all others, unless the creditor has specifically reserved his right against the latter. There was no reservation of petitioner’s rights as against Superior in the motion and order which was filed in the record.
Counsel for petitioner has also filed a supplemental brief on this question and attached thereto a duplicate original of the act of compromise which was executed between the said parties on January 22, 1958. In the said act of compromise there is a clause specifically reserving unto petitioners all of their rights, and causes of actions as against Superior Insurance Company. Under the settled jurisprudence of this State, and as the act of compromise in question did contain a reservation to petitioners of their rights against Superior Insurance Company, we are of the opinion; that the act of compromise did not have the effect of discharging Superior Insurance-Company. Stockwell v. Gulf Engineering Company, Inc., La.App., 83 So.2d 392. Although the motion and order cancelling" the judgment as against the other two defendants did not contain the reservation, the act of compromise itself did, and under the provisions of Article 2203 of the LSA-Civil Code we must be guided by the word- • ing of the act of compromise.
For the reasons hereinabove assigned,. the judgment of the lower court will be amended so as to dismiss the suit against defendant, Superior Insurance Company, without prejudice, and as amended, the; judgment will be affirmed.
Amended and affirmed.