LOTTINGER, Judge.
This and the consolidated suit entitled Powell, Individually and for the Use and Benefit of the minor Powell v. Arnold and New Amsterdam Casualty Company, 142 So.2d 510, No. 5552 of the docket of this Court, arise out of an automobile accident which occurred in the Parish of St. Tammany on November 25, 1956. The instant action is brought by the children of Mr. and Mrs. Willie Marbury, who were killed in the accident, while the companion suit seeks damages for injuries to the minor child who was a passenger in the car with the decedents. The original defendants in each suit were Miss Eryline Arnold and her liability insurer, New Amsterdam Casualty Company. Pursuant to motion by plaintiffs, both suits were ordered dismissed as to Miss Arnold, with a reservation, however, of all rights as to the insurer. Judgment was rendered by *508 the Lower Court in favor of all plaintiffs, with the exception of Charles Marbury who was driving the car in which the decedents and the minor were riding, and the matters are before us on appeals taken by the New Amsterdam Casualty Company.
The appellant reurges before us its plea of res adjudicata which is based on the premise that the dismissal of the action against the insured carried with it the dismissal of the action against the insurer. The plea is without merit and was correctly disposed of by the Trial Judge as follows:
“With respect to the plea of res judicata filed herein by the defendant New Amsterdam Casualty Company, let it suffice to say that none of the authorities cited in brief are applicable for the reasons that the liability of the insurer is that of a joint and solidary obligor R.S. 22:655. The discharge of one solidary obligor with specific reservation of rights against the others does not operate as a release for them. C.C. Art. 2203.”
Also in point is our holding in Garafola v. Superior Insurance Company of Dallas, Tex., La.App., 105 So.2d 339.
The Trial Judge rendered written reasons for his judgment which read in part as follows:
“These cases, which were consolidated for trial, both arise out of a collision which happened at the intersection of the north approach to the Lake Ponchartrain Causeway and U. S. Highway 190 about six miles south of Covington, St. Tammany Parish.
“The Causeway approach is laid out in an approximate North and South direction. It is a divided, four-lane, concrete highway, with the traveled portion being set in the middle of a cleared two hundred foot right-of-way. The neutral ground dividing the North and South bound traffic lanes is approximately ten feet in width.
“U. S. Highway 190, which is also known as Louisiana Highway 22, is a two-lane, concrete highway, the traveled portion of which is set in the center of an eighty foot right-of-way. It runs approximately East and West and intersects the North approach to the Causeway at right angles.
“The controls present at the intersection at the time of the accident were as follows: Facing South on the North approach of the Causeway, there was a stop sign placed on each shoulder of the North bound lane, and a flashing red light over the intersection. Facing East on U. S. 190, there was a flashing yellow light over the intersection, but no signs were placed on the shoulder of the road.
“Two persons, Mr. and Mrs. Willie Marbury, the parents of plaintiffs in Case No. 14,737, were killed in the accident. Patricia Powell, daughter of plaintiff in case No. 14,739, was injured. All of these persons were riding as guests passengers in the automobile owned and driven by Charles Marbury, who is one of the plaintiffs in case No. 14,737, being a son of the deceased couple. The sole defendant in both cases is New Amsterdam Casualty Company, the insurer of the other automobile involved in the collision which was owned'and driven by Ery-line Arnold. Miss Arnold was dismissed as a defendant before trial.
“It is very clear from the testimony in the case that the automobile driven by Charles Marbury ran the stop signs and flashing red light at the intersection and struck the Arnold car at the left front door. Marbury was travel-ling at a speed of 55 to 60 mph. There can be no question as to the gross negligence of Charles Marbury or that such negligence was a proximate cause of the accident. r
*509 “The only question which is presented here for decision is whether or not Miss Arnold was contributorily negligent and if so, if such contributory negligence was a proximate cause of the accident.
“According to her own testimony, she was driving West on U. S. Highway 190 at a speed of about SO miles per hour. As she approached the intersection, she noted the flashing yellow light over the highway. She did not apply her brakes, but put her foot off the accelerator, so that when she entered the intersection, she was travelling no more than 35 miles per hour. She stated that she looked to the left and right and saw no approaching traffic in either direction. As she crossed the traveled portion of the Causeway approach, she saw the Mar-bury car for the first time, approaching from the South, only a few feet away. Before she had an opportunity to take any action, the collision occurred.
“U. S. Highway 190 was the favored highway at the intersection, and it was the duty of the driver of the Marbury car to observe the stop signals and to come to a halt at the intersection. However, he failed to do this and entered the intersection without ever diminishing his speed, which as pointed out above was between 55 and 60 miles per hour. As she entered the intersection, Miss Arnold testified that she looked to the left and did not see anything approaching. Obviously, she should have seen the Marbury car about 175 feet South of the point of collision, and moving with undiminish-ing speed. The question which is presented here for decision is if any duty devolved upon Miss Arnold as she approached the intersection, and if so, what was she obliged to do.
“The jurisprudence of this state is apparently devoid of any holding as to the respective rights and duties of those approaching an intersection controlled by flashing red and amber lights, as in this case. Apparently, in other jurisdictions it is the obligation of the motorist faced with the red light to stop, whereas the motorist faced by the yellow or amber light may proceed, but with caution.
“Allega v. Eastern Motor Exp. Co., 378 Pa. 1, 105 A.2d 360. See also State ex rel. Hopkins v. Marvil Package Co., 202 Md. 592, 98 A.2d 24, where it was said that the motorist on the thru highway (i. e. facing the amber light) does not have an absolute right-of-way, but must procede with caution ‘commensurate with the prudence of a reasonable man.’
“If, therefore, Miss Arnold failed to exercise the degree of care indicated, then she would be contributorily negligent and her insurer would be liable for the deaths and personal injuries sued for.
“As she entered the right-of-way of the Causeway approach, Miss Arnold of necessity must have been less than 100 feet from the point of impact of the two automobiles and moving at a speed of about 50 feet per second. Marbury, considering the rate of speed at which he was travelling, would have been between 160 and 175 feet from the point of impact and moving at about 85 feet per second. Miss Arnold would have had slightly more than one second in which to observe the Marbury car, decide that it did not intend to stop, apply her brakes and bring her car to a stop in time to avoid the collision. It is apparent to the Court that even if Miss Arnold had observed the Marbury car at the first possible instant, there is little or nothing she could have done to avoid the accident. Therefore, it is obvious that she did not slacken her speed as much as she should have on observing *510 the yellow flashing light. An exercise of caution which is without effect is no exercise of caution at all. Since she failed to slow down sufficiently and failed to observe what she should have seen, she was contributorily negligent and her negligence was a proximate cause of the accident.
‡ :jc itfi }j« %
“Of course, Charles Marbury, whose gross negligence was primarily the ■cause of the accident which caused the death of his parents is precluded by such negligence from recovering for their death even though he sues in the capacity of a child of the deceased.”
The factual conclusions of the trial judge are amply supported by the record; however, we believe that as a matter of law he erred in finding Miss Arnold guilty of negligence which was a proximate cause of the accident. Pertinent here, we believe, is the language used by the Supreme Court in Kientz v. Charles Denney, Inc., 209 La. 144, 24 So.2d 292 and quoted by that court with approval in Youngblood v. Robinson, 239 La. 338, 118 So.2d 431 and by this court in the very recent case of Dilworth v. Roberts, 138 So.2d 453, as follows :
“We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, ivho was ■operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantal and that it was such a direct factor that, without it, the accident would not have occurred.”
Miss Arnold was on a Federal Highway which was accorded the right of way. She did not enter the intersection with abandonment but reduced her speed to what under the circumstances we think was reasonable. She was not required to anticipate that a vehicle would unlawfully enter the intersection at a high rate of speed. In short, if she was guilty of any dereliction we do not believe that it was “most substantial”.
For the reasons assigned the judgment appealed from is reversed and plaintiffs suit dismissed at their costs.
Judgment reversed.