ELLIS, Judge.
This case arises out of an automobile accident which happened on September 23, 1957, at the intersection of Louisiana Highway 19 and Louisiana Highway 10 in East Feliciana Parish. Traffic controls at the intersection included a flashing yellow light facing traffic on Highway 19, and a flashing red light and stop sign facing traffic on Highway 10, so that traffic on Highway 19 had the right of way.
*774 Plaintiff was driving her automobile South on Highway 19 and defendant was driving her automobile West on Highway 10. From the testimony, we gather that as plaintiff approached the intersection, she took her foot from the accelerator and slowed her car from 55 or 60 to 45 or 50 miles per hour. She observed the defendant’s vehicle approaching the intersection at a slow rate of speed and assumed that it was going to stop. She took no further evasive action. The defendant did not stop for the stop sign or flashing red light, but slowly drove out into the intersection. The two cars collided in the center of the intersection. Plaintiff’s car was damaged from the left front door aft, and defendant’s car was damaged on its front.
After trial on the merits, the district judge found that both parties to the accident were negligent and dismissed the plaintiff’s petition, as well as the defendant’s re-conventional demand. From that judgment, plaintiff has appealed, and defendant has answered the appeal. Each prays for judgment in her favor.
Since the trial of the case took place over ten years after the accident, the testimony of the witnesses for both sides left something to be desired. The investigating officer, a member of the State Police, died prior to the trial. However, we are satisfied that the accident happened substantially as set forth above. We agree with the finding of the district court that defendant was indeed negligent in failing to stop for the stop sign and flashing red light, and that such negligence was a proximate cause of the accident. The only question presented us for decision is whether or not the plaintiff was also negligent. The trial judge found on the basis of our decision in the recent case of Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1 Cir., 1967) that the plaintiff had not exercised the degree of care required by the provisions of R.S. 32:234 (A). However, it is called to our attention that the Lockhart case and others on the same point, as well as R.S. 32:234(A), on which those cases are based, were not in effect as of the time of this accident in 1957. The case must, of course, be decided on the basis of the law as it existed at that time.
Prior to 1962, there were no statutory provisions setting forth the duty of one entering an intersection controlled by a flashing yellow light. At that time, the only cases on that point reported in Louisiana were Marbury v. Arnold, 142 So.2d 507 (La.App. 1 Cir. 1962), and Savoy v. Cooley, 144 So.2d 223 (La.App. 1 Cir. 1962).
In the Marbury case, the court announced the rule that one who is operating his car in obedience to positive law should not be found negligent in a situation such as this unless his “dereliction was most substantial and * * * such a direct factor that, without it, the accident would not have occurred.” In that case, a driver faced with a flashing yellow light, who slowed her speed from 50 to 35 miles per hour on entering an intersection, was struck by an automobile travelling at a high rate of speed. This car had disregarded a flashing red light and stop sign. She was found not contributorily negligent. It was held that she was not required to' anticipate that a vehicle would unlawfully enter the intersection at a high rate of speed, and that if she was guilty of any dereliction, it was not “most substantial”.
In the Savoy case, the court held that a driver entering an intersection controlled by a flashing yellow light was obligated to proceed with caution and to take measures to avoid obvious danger, but that he could ordinarily rely on motorists on the inferior street stopping in obedience to a flashing red light.
Applying these rules to the facts of the instant case, we find that Mrs. Kirkland did, in fact, slow her speed substantially, and that there was nothing about the way in which Mrs. Martin approached the intersection which constituted an obvious danger or which placed Mrs. Kirkland on notice that she would not stop in obedience *775 to the traffic controls. We think that under the law as it existed at the time of this accident, Mrs. Kirkland is without fault.
There is no expert medical testimony in the record. Mrs. Kirkland testified that she suffered from shock and severe pain, that she spent five days in the hospital under observation, had extensive bruises, and stayed away from work for two weeks after her release from the hospital. We think $500.00 should compensate her for her injuries. No special damages were proved.
The judgment appealed from is reversed insofar as it dismisses plaintiff’s demands, and there will be judgment in favor of Mrs. Myona Kirkland and against Mrs. Rosa Martin in the full amount of $500.00, together with legal interest from date of judicial demand until paid, and all costs of these proceedings. The judgment is affirmed insofar as it dismisses the recon-ventional demand of Mrs. Martin.
Reversed in part, affirmed in part, and rendered.