SAVOY, Judge.
On December 3, 1971, plaintiff filed an action in tort in forma pauperis and did not ask for a jury trial. Defendants answered the suit on December 28, 1971. On motion of counsel for plaintiff, the case was fixed for trial on May 10, 1972. Counsel for defendants requested of the Clerk of Court for Vernon Parish, Louisiana, subpoenas of witnesses for said trial.
On May 8, 1972, counsel for plaintiff presented an ex parte motion to dismiss the suit as of non-suit. Said motion was granted by the District Judge on the same day it was presented. On the same date, counsel for defendants filed a rule to show cause why its order of May 8, 1972, should not be rescinded and set aside. In the meantime, plaintiff filed a complaint in the United States District Court for the Western District of Louisiana against the same *299 defendants for the samé cause of action as in the instant case, and prayed for a jury trial.
After a hearing on the rule in the instant case, the District Judge assigned written reasons and signed dismissal of the rule to show cause. Defendants appealed.
The law applicable to this case is LSA-C.C.P. Article 1671 which provides:
“A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.”
Counsel for defendants in brief and in oral argument before the court contends that defendants had acquired a right to have the case tried by the court without an intervention of a jury, and that defendants are prejudiced by the court allowing plaintiff to dismiss the action in the State court without prejudice.
Each case has to be examined on its particular facts. In the instant case, only two witnesses had been subpoenaed by defendants. One of the parties resided in Lees-ville and the other in Lake Charles. Counsel for defendants had ample time to notify the witnesses prior to trial. No harm has been done. As the trial judge stated in his written opinion, defendants’ case has not been prejudiced.
The trial judge is given discretion under LSA-C.C.P. Article 1671 as to whether a case will be dismissed with prejudice after a general appearance has been made by a defendant, and under the facts of this case we are of the opinion that he has not abused the discretion granted him by the above article.
For the reasons assigned, the judgment of the District Court is affirmed at appellants’ cost.
Affirmed.