289 So.2d 578 (1974)
Frank MELANCON, Plaintiff-Appellee,
v.
SWIFT AGRICULTURAL CHEMICAL CORPORATION et al., Defendants-Appellants.
No. 4403.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
*579 Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., and James R. Lewis, Lafayette, for defendant-appellant.
DeJean & DeJean by Robert F. DeJean, Opelousas, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
The sole issue presented by this appeal is whether the trial judge abused his discretion in granting plaintiff a judgment of dismissal without prejudice after the defendant had made a general appearance.
On October 27, 1972 plaintiff Melancon filed this action in the State Court against Swift Agricultural Chemicals Corporation, et al. for damages in the sum of $163,000. The cause of action alleged is that Melancon purchased from Swift certain fertilizer for a cabbage crop. The fertilizer is alleged to have been contaminated with rye grass seed, which infested the field and caused the loss of the cabbage crop.
The defendant filed an answer, an exception of no cause of action and a motion for summary judgment. The principal defense alleged is that Swift sold both fertilizer and rye grass to the plaintiff, and it is not responsible for any mixture of the two which resulted in the rye grass infesting the cabbage crop. No ruling was ever made on the exception of no cause of action or the motion for summary judgment.
On May 11, 1973 the plaintiff filed a motion to dismiss this case without prejudice, upon payment of accumulated costs, alleging "that the identical claim has been filed, though not against the identical parties, in the United States District Court for the Western District of Louisiana, Opelousas Division, and that your mover has been granted a trial by jury in the said United States District Court and upon further suggesting to the court that a decision in the United States District Court would render the matter res judicata and upon further suggesting to the court that your mover is entitled to a choice of forum particularly avoiding multiplicity of litigation."
After hearing, plaintiff's motion to dismiss without prejudice was granted. From this judgment, the defendants appealed.
There is no transcript of any evidence introduced at the hearing. However, assuming the facts stated in defendant's brief to be true, a virtually identical suit was filed by plaintiff against defendants in the United States District Court for the Western District of Louisiana. Certain pleadings and a motion to stay proceeds in Federal Court were filed by defendants in order to avoid a multiplicity of litigation. On March 19, 1973 the Federal District Judge issued an order staying all proceedings in the Federal Court "pending a final determination of the matter in the Twenty-Seventh Judicial District Court in and for the Parish of St. Landry, Louisiana." A motion to vacate this stay order was denied on June 14, 1973 and Melancon applied for relief from that denial to the United States Fifth Circuit Court of Appeal.
The applicable statutory law is LSA-C. C.P. Article 1671 which provides:
"A judgment dismissing an action without prejudice shall be rendered upon application *580 of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
In Sanders v. Travelers Insurance Company, 271 So.2d 298 (La.App., 3rd Cir. 1973) plaintiff filed suit on the same cause of action in both the State and Federal District Courts. The suit in State Court was in forma pauperis and plaintiff did not ask for a jury trial. Plaintiff did pray for a jury trial in the Federal Court action. Two days before the case was to be tried in the State Court, plaintiff moved to dismiss that suit without prejudice. The motion was opposed by defendant on the grounds that it had acquired a right to have the case tried in the State Court without a jury, that it had prepared for the State trial and would suffer substantial inconvenience if forced to litigate the matter in the Federal Court.
In Sanders we held the district judge has much discretion under LSA-C.C.P. Article 1671, that each case must be examined on its own particular facts, that defendant had subpoenaed only two witnesses for the State trial and they resided nearby and could easily be notified, that defendant had suffered no loss of substantive rights and was not substantially prejudiced by any procedural inconvenience.
To the same effect, see the holdings in Burgess v. Travelers Insurance Company, 254 So.2d 163 (La.App., 2d Cir. 1971); City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43 (La.App., 4th Cir. 1965), writ of certiorari refused; and Betz v. Hearin Tank Lines, 75 So.2d 356 (La. App., 1st Cir. 1954).
In the present case, defendants' only argument is that because of the time and effort he has spent in the State Court litigation, it will create an undue burden on him if the State action is dismissed and he is forced to litigate in the Federal Court.
As far as the record before us shows, the only pleadings filed by defendant in the State Court were an answer, an exception of no cause of action and a motion for summary judgment, and these were never argued. No other proceedings whatever were filed. There is no showing whatever of any loss of substantive rights and very little showing of loss of time.
Under the rules established in the above cited jurisprudence, it is clear that the district judge in the present case did not abuse his discretion in granting plaintiff's motion to dismiss this case without prejudice.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.