338 So.2d 1197 (1976)
John C. ROURKE, M.D., and Lee J. Marsalise, et al., Plaintiffs and Appellees,
v.
Victor E. COURSEY, Jr., Defendant and Appellant.
No. 5661.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
Sanders, Miller, Downing & Kean by Robert A. Hawthorne, Jr., Baton Rouge, Jones, Patin, Harper, Tete & Wetherill by James C. Hanchey, Lake Charles, for defendant and appellant.
*1198 Scofield, Bergstedt & Gerard by Robert L. Hackett, Lake Charles, for plaintiffs and appellees.
Before CULPEPPER, WATSON and HUMPHRIES, JJ.
CULPEPPER, Judge.
Defendant appeals from a judgment granting plaintiffs' motion to dismiss without prejudice plaintiffs' suit for a deficiency judgment.
The decisive issue is whether the trial judge abused his discretion in dismissing plaintiffs' suit without prejudice after defendant filed an answer.
The record shows that defendant purchased from plaintiffs a large tract of land. $1,850,000 of the purchase price was represented by a promissory note secured by a vendor's lien and mortgage. Defendant immediately sold the property to Trailwood Forest-Calcasieu, Ltd., a Louisiana corporation. On default in payment of installments on the note, plaintiffs filed suit for foreclosure by executory process. The property was seized and subsequently sold by the Sheriff of Calcasieu Parish on July 30, 1975.
Thereafter, plaintiffs instituted the present deficiency judgment proceedings against defendant. Defendant answered, alleging the sheriff's sale was without appraisal according to law, and that therefore the Deficiency Judgment Act barred plaintiffs' suit.
On October 10, 1975, defendant filed a motion for judgment on the pleadings, asserting that the pleadings show invalid appraisement at the sheriff's sale barred plaintiffs' suit for deficiency judgment. No ruling was ever made on this motion.
After defendant moved for a judgment on the pleadings, plaintiffs filed a motion for dismissal without prejudice. The ground asserted for this dismissal was that the July 30, 1975 sheriff's sale had been declared null and was set aside by a judgment rendered on October 24, 1975 in a direct action instituted by Trailwood Forest-Calcasieu, Ltd. against plaintiffs and the Sheriff of Calcasieu Parish. Defendant was not a party to Trailwood Forest's suit to annul the sale, and he received no notice of the proceeding. The judgment was by compromise with the consent of the parties and reserved the right of the present plaintiffs to file a second foreclosure proceeding.
The present plaintiffs filed a second suit for foreclosure by executory process. The subject property was again seized and sold at a second sheriff's sale. A second action to recover a deficiency judgment is now pending in the District Court for the Parish of East Baton Rouge, the defendant's domicile.
After hearing, the trial court granted plaintiffs' motion to dismiss the present suit without prejudice, explaining its decision in written reasons as follows:
"The court exercises discretion granted by C.C.P. 1671 and dismisses the action without prejudice.
"To do otherwise would allow defendant a windfall due to a technical error on the part of the third person. It would cost plaintiff possible valuable deficiency rights due to the same technical error. "Permitting the dismissal without prejudice, on the other hand, preserves whatever rights plaintiff may possess and the only possible detriment to the defendant debtor is the delay caused by new executory proceedings."
The statutory law applicable to the issue presented by this case is LSA-C.C.P. Article 1671:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
Official Comment (b) under this Article explains that the plaintiffs' right to dismiss after an appearance by the defendant rests within the sound discretion of the trial court. The trial court is given great *1199 latitude in deciding discretionary matters, and its decisions will be disturbed only when there has been a clear abuse of discretion. The trial judge, however is not granted unbridled discretion by Article 1671. The jurisprudence recognizes the rule that a trial judge cannot dismiss a suit without prejudice of substantive rights acquired by the plaintiff would thereby be lost. See Melancon v. Swift Agricultural Chemical Corporation, 289 So.2d 578 (La.App. 3rd Cir. 1974) and cases cited therein. Similarly, the trial court has no discretion to grant a dismissal without prejudice which would deprive defendant of a just defense. See Betz v. Hearin Tank Lines, 75 So.2d 356, 360 (La.App. 1st Cir. 1954).
Seeking to bring the facts of this case within the purview of these two latter rules, defendant argues that the dismissal violated his "substantive rights" to defend against the deficiency judgment action. Specifically, defendant argues that the dismissal deprives him of the right to assert the alleged illegality of the appraisement procedure followed at the first sheriff's sale.
It is true that the dismissal thwarted defendant's early attempt to assert this defense in his motion for judgment on the pleadings. The right to make the defense, however, was not lost or impaired, but was instead delayed. Defendant may urge the alleged illegality of the original appraisement as a defense to the deficiency judgment suit now pending against him, or he may bring a direct action challenging the validity of the first sheriff's sale. Therefore, the dismissal without prejudice neither violated defendant's substantive rights, not did it deprive him of a just defense.
Defendant argues further that the delay and additional costs associated with the second suit for deficiency judgment are grounds for holding that the trial judge abused his discretion in dismissing the original suit without prejudice. This argument is not persuasive. See Melancon and Betz, supra. Delay and increased costs are byproducts of every dismissal without prejudice. The delays and increased costs involved in the present case are not extraordinary or unreasonable.
Customarily, this Court reviews the merits of motions for judgment on the pleadings only after the trial court has ruled on them. There has been no ruling on defendant's motion. Therefore, we must decline defendant's invitation to review the merits of his motion for judgment on the pleadings.
For the reasons assigned, the judgment of the trial court granting plaintiffs' motion to dismiss without prejudice is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.