448 So.2d 199 (1984)
CITY NATIONAL BANK and W.T. Brown, et al.
v.
Edward W. ANLAGE, et al.
No. 83 CA 0483.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*200 Charles A. Schutte, Jr., Baton Rouge, for plaintiffs-defendants-in-reconvention-appellees City Nat. Bank, W.T. Brown, J. Patrick Smith and Edward Cooper.
Michael W. McKay, Baton Rouge, for defendant, third party plaintiff, plaintiff-in-reconvention-appellant Edward W. Anlage.
Ralph Brewer, Baton Rouge, for defendant-appellee George E. Desser.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Edward W. Anlage appeals from a judgment dismissing City National Bank's suit without prejudice. We affirm.
City National Bank (CNB) filed suit against Anlage and George E. Dresser alleging that Anlage and Dresser were liable as endorsers on three promissory notes payable to CNB. Joining CNB as co-plaintiffs were J. Patrick Smith, Edward Cooper, and William T. Brown, other endorsers of the notes who had previously entered into a settlement with CNB.
Anlage answered with a general denial of the allegations of the petition. Additionally, Anlage filed a reconventional demand against Smith, Cooper, and Brown and a third party demand against Rosie's Pizza of Bon Marche, Inc., the maker of the notes.
The original petition was signed by Robert C. Funderburk, Jr., and G.T. Owen, III as attorneys for CNB and the other plaintiffs. Following Anlage's answer, Funderburk withdrew as counsel of record for CNB but remained as counsel of record for the other plaintiffs. Owen remained as counsel of record for CNB.
CNB then filed a motion to dismiss its suit without prejudice. The motion was granted by the trial court without notice to Anlage or his attorney.
In this appeal, Anlage contends that the trial court erred in dismissing CNB's suit without prejudice in the absence of notice and a hearing.
We find no merit to this contention. LSA-C.C.P. Article 1671 provides:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
Because Anlage made a general appearance, the second sentence of Article 1671 is applicable. Official Comment (b) under this Article states that a plaintiff's right to dismiss after an appearance rests within the sound discretion of the trial court. However, the trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. Rourke v. Coursey, 338 So.2d 1197 (La.App. 3d Cir. 1976).
Anlage contends that he was entitled to a hearing prior to the judgment of dismissal so that he could present evidence of substantive rights he acquired against some of the plaintiffs and any just defenses he might have. He argues that the dismissal of CNB's suit had the effect of dismissing the entire suit. This argument is clearly without merit. LSA-C.C.P. Article 1039 states:
"If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."
Under this provision, Anlage's reconventional and third party demands remain unaffected by the judgment dismissing CNB's main demand. Further, the judgment of dismissal could not affect the claims of CNB's co-plaintiffs since the motion to dismiss was made by CNB's attorney and named only CNB.
*201 Anlage has also failed to show how the dismissal of CNB's suit deprived him of any substantive rights or just defenses against CNB. A review of the pleadings shows that Anlage's answer to CNB's claim consisted only of a general denial of the allegations that he was liable as an endorser on the notes. Anlage raised no affirmative defenses against CNB nor did he make CNB a defendant in the reconventional or third party demands. We fail to see the necessity of holding a hearing to permit Anlage to present evidence of substantive rights and just defenses against CNB when none were raised in his answer. We therefore conclude that the trial court did not abuse its discretion in dismissing CNB's suit without prejudice.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.