700 So.2d 1096 (1997)
Lucas Pastor Canales MARTINEZ, et al.
v.
DOW CHEMICAL COMPANY, et al.
No. 97-CA-289.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1097 Gerald E. Meunier, Stevan C. Dittman, New Orleans, Stephen D. Susman, James T. McCartt, Houston, TX, Fred Misko, Jr., Charles S. Siegel, Dallas, TX, for Plaintiffs-Appellees.
Charles H. Steen, Stephanie G. McShane, S. Gene Fendler, Don K. Haycraft, David R. Richardson, John F. Whitney, Phillip A. Wittman, Richard C. Stanley, Richard E. Sarver, New Orleans, Burt Eallanfant, D. Ferguson McNiel, III, Houston, TX, Stephen C. Lewis, San Francisco, CA, for Defendant-Appellant.
Before GRISBAUM, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
The sole issue before us is whether the trial judge abused his much discretion, provided by La.Code Civ. Pro., Art 1671, in granting a motion to voluntarily dismiss a suit without prejudice urged by plaintiffs after appearances by defendants. For the following reasons we conclude that he did not, and therefore affirm the judgment.
Plaintiffs in this matter are some 3900 farm workers who allege injuries because of exposure to a certain pesticide used in banana cultivation. The defendants are alleged to have either manufactured the pesticide, or used it on their plantations. In 1995, plaintiffs filed the present suit in Jefferson Parish, and one week later filed an identical suit in St. Charles Parish. Although no service was requested in either matter, one of the defendants discovered the suits and immediately filed a third party demand against an Israeli business entity. On the next day, the Israeli entity removed both suits to federal court. After about a year of litigation, the federal court ruled that removal was not proper and returned the matters to state courts. Upon return to state courts, various defendants filed exceptions of improper venue, and lack of subject matter and personal *1098 jurisdiction, in both suits, as well as exceptions of lis pendens in the St. Charles suit. However, one defendant, Occidental Chemical Corporation did not object to venue in St. Charles Parish, but did so in Jefferson Parish. Plaintiffs, for their part, urged a motion to dismiss the Jefferson Parish suit without prejudice, and this motion was granted. Shell Oil Company, The Dow Chemical Company, Occidental Chemical Corporation, and Dole Fresh Fruit Company, defendants, now appeal.
Article 1671 of our Code of Civil Procedure states:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
A trial judge is thus granted wide discretion as to dismissal without prejudice after the defendant has appeared, and his determination will not be set aside absent a clear abuse of that discretion. The jurisprudence has delineated two circumstances in which such an abuse has been found in dismissals without prejudice: 1) where substantive rights of the defendant would be lost, or 2) where the defendant would be deprived of a just defense, Oliver v. Davis, 95-1841 (La.App. 1st Cir. 8/12/95), 679 So.2d 462. It is also the rule in this circuit that after appearance by the defendant, a trial judge may either grant plaintiff's motion to dismiss without prejudice, or deny it; he is not authorized to enter a dismissal with prejudice, Roussell v. Roussell, 94-742, 94-743 (La.App. 5th Cir. 1/31/95), 650 So.2d 373.
In the present matter, plaintiffs' counsel represented to the district judge that the venue question was complex because of the number of defendants, and that both Jefferson and St. Charles Parishes appeared to be proper. He further represented that based on the venue exceptions urged by various defendants to both suits, but not by Occidental as to the St. Charles suit, he determined that that venue was in his opinion proper. The trial court obviously was persuaded that these considerations led to the filing of the two suits originally, and were the reasons plaintiffs decided to pursue the St. Charles, rather than the Jefferson, matter. We find no manifest error in these implicit factual findings, and we further hold that on these facts the dismissal without prejudice was not an abuse of discretion.
Defendants urge, to the contrary, that they have lost a substantial right and/or just defense by the dismissal, i.e. the right to have their exception of lis pendens heard in St. Charles Parish. They rely on La.Code Civ. Pro., Art. 531, which generally provides that when several identical suits are pending, the defendant may have all but the first filed dismissed by urging the declinatory exception of lis pendens as per Art. 925. Their argument is apparently that the above articles would mandate that the later filed St. Charles suit be dismissed and the first filed Jefferson suit be allowed to go forward. But these same defendants have also urged by exceptions that venue is improper in Jefferson. If they were to prevail on those exceptions, then Art. 932 would permit transfer of the matter to a court of proper venue, which might well be St. Charles Parish. Thus, their argument concerns only the problem of where the suit is to be heard, which is clearly a procedural question rather than a substantive one.
The defendants also urge that plaintiffs are engaged in "forum shopping," and that the dismissal without prejudice rewards them for this impermissible practice. As noted above, the trial judge implicitly found that the dual filing was not due to this practice, but rather resulted from the complex nature of the venue problem. Again, we find no manifest error in these findings and therefore are precluded from setting them aside even were we to have found otherwise sitting as the original trier of fact, Ambrose v. New Orleans Police Dept. Amb. Ser., 93-3099 (La.7/5/94) 639 So.2d 216.
For the above reasons, the judgment of the trial court dismissing this suit without prejudice is hereby affirmed.
AFFIRMED.