# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**07-743**

**KEVIN J. KENNISON**

**VERSUS**

**BLR CONSTRUCTION COMPANIES, L.L.C.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 85226
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

Randall K. Theunissen
Alan Meche
Allen & Gooch
P.O. Drawer 3768
Lafayette, LA 70502
Counsel for Defendant-Appellant:
    BLR Construction Companies, LLC

Lawrence Blake Jones
Stephen F. Armburster
Scheuermann & Jones
909 Poydras Street, Suite 2556
New Orleans, LA 70112
Counsel for Plaintiff-Appellee:
    Kevin J. Kennison

**PAINTER, Judge**.

Defendants appeal, alleging that the trial erred in granting Plaintiff's "Motion to Dismiss Without Prejudice" the first filed suit where a second suit between the same parties had a pending motion for lis pendens before a different court. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY

In August 2006, Plaintiff, Kevin J. Kennison (Kennison), filed a "Petition for Damages Under the Savings to Suitors Clause" in St. Martin Parish and named BLR Construction Companies, LLC (BLR) as defendant. In his petition, Kennison alleged that he was injured in an accident while performing his duties as an employee of BLR on BLR's vessel, the Roy Angelle, and that the accident was caused by the unseaworthiness of the vessel. BLR first answered the suit and later filed an exception of improper venue. The St. Martin Parish court granted the exception, and the suit was transferred to Acadia Parish by order dated October 31, 2006.

On September 11, 2006, Kennison dismissed his attorney and hired new counsel. In November 2006, Kennison's newly retained counsel filed suit in Plaquemines Parish. In January 2007, Kennison filed a "Motion to Dismiss without Prejudice" in the Acadia Parish suit. After a hearing, the court dismissed the Acadia Parish suit. BLR appeals.

DISCUSSION

Article 1671 of our Code of Civil Procedure states:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

1

A trial judge is thus granted wide discretion as to dismissal without prejudice after the defendant has appeared, and his determination will not be set aside absent a clear abuse of that discretion. The jurisprudence has delineated two circumstances in which such an abuse has been found in dismissals without prejudice: 1) where substantive rights of the defendant would be lost, or 2) where the defendant would be deprived of a just defense, *Oliver v. Davis*, 95-1841 (La.App. 1st Cir. 8/12/95), 679 So.2d 462. It is also the rule in this circuit that after appearance by the defendant, a trial judge may either grant plaintiff's motion to dismiss without prejudice, or deny it; he is not authorized to enter a dismissal with prejudice, *Roussell v. Roussell*, 94-742, 94-743 (La.App. 5th Cir. 1/31/95), 650 So.2d 373.

*Martinez v. Dow Chemical Co.*,97-289, pp3-4 (La.App. 5 Cir. 9/30/97), 700 So.2d 1096, 1098.

BLR argues that La.Code Civ.P. arts. 531 and 925 mandate dismissal of the later filed Plaquemines suit. They further assert that their substantive rights have been prejudiced because the dismissal of the Acadia suit allows Kennison to forum shop. However, the trial court found that the dual filing was not the result of forum shopping in this case. Finding no manifest error in this decision, we are "precluded from setting [it] aside even were we to have found otherwise sitting as the original trier of fact." *Id.* Finding no other evidence that any substantive right was prejudiced by the dismissal, we find no abuse of the trial court's vast discretion in granting Kennison's motion to dismiss without prejudice.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant-Appellant, BLR Construction Companies, LLC.

**AFFIRMED**.

2