Viking points out that the plaintiff filed the motion to dismiss forty-five days late under the trial court's scheduling order,[10] which provides as follows:
The Original of all motions, including discovery related motions, dispositive motions, exceptions, and Daubert motions shall be filled no later than 60 days prior to the rule date. The last rule date before trial is Friday, June 29, 2018.
Viking thus contends the motion should have been denied as untimely. The plaintiff counters that the trial court, despite being aware that the motion to dismiss was filed after the deadline in the scheduling order, found it had the discretion to grant the motion. At the hearing, Viking's counsel informed the trial court that the plaintiff had filed the motion to dismiss forty-five days late. The trial court, nonetheless, found that it had the discretion to entertain the motion. We agree.
Motion to Dismiss without Prejudice
After the defendant has made an appearance, as here, a plaintiff's right to dismiss rests within the sound discretion of the court. La. C.C.P. art. 1671, Comment (b).[11] Nonetheless, the jurisprudence has observed that La. C.C.P. art. 1671 does not grant a trial judge "unbridled discretion" and has recognized a rule that "a trial judge cannot dismiss a suit without prejudice if substantive rights acquired by the *45 defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense." Oliver v. Davis , 95-1841, p. 4 (La. App. 1 Cir. 8/12/96), 679 So.2d 462, 464.[12] For the rule to apply, "[t]he rights affected by dismissal clearly must be substantive rights, not procedural rights of party litigants." Northshore Reg'l Med. Ctr. v. Par. of St. Tammany , 96-0717, p. 5, n. 4 (La. App. 1 Cir. 12/20/96), 685 So.2d 614, 616 (citing City of New Orleans v. New Orleans Canal, Inc ., 173 So.2d 43, 45 (La. App. 4th Cir. 1965) ). In determining whether the rule applies, "[e]ach case has to be examined on its particular facts." Sanders v. Travelers Ins. Co ., 271 So.2d 298, 299 (La. App. 3d Cir. 1972) ; Melancon v. Swift Agr. Chem. Corp ., 289 So.2d 578, 580 (La. App. 3d Cir. 1974) (citing Sanders , supra ).
One commentator has noted that "[t]he rule may be illusory, however, because rarely, if ever, will a dismissal without prejudice affect acquired rights or deprive the defendant of a defense. The decisions indicate that the court should refuse to dismiss without prejudice if such a dismissal may result in a significant loss of the ct suit." Frank L. Maraist, 1 LA. CIVIL LAW TREATISE § 10:3 (2d ed. 2018). The decisions also indicate the following guidance in determining whether a dismissal without prejudice would constitute an abuse of discretion:
The injury which would thus be occasioned to the defendant must be of a character that deprives him or her of some substantive rights concerning defenses not available in a second suit or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation which in the eyes of the law would be compensated by costs. Moreover, the mere fact that the plaintiff intends to institute, or in fact institutes, another suit on the same cause of action is not a sufficient ground for a denial of his or her motion to discontinue an action.
27 C.J.S. Dismissal and Nonsuit § 27 (citing Betz v. Hearin Tank Lines, Inc. , 75 So.2d 356 (La. App. 1st Cir. 1954) ; and Sanders , supra ).
The gist of Viking's argument is that the trial court abused its discretion in granting the motion to dismiss rather than ruling on its summary judgment motion. Viking emphasizes that it has engaged in two years of extensive, expedited discovery and contends that it is entitled to a dismissal with prejudice on its summary judgment motion. The plaintiff counters that "all of Mr. Sizemore's exposures to asbestos from Viking's pumps occurred in South Carolina, where an action is pending against other defendants" and that the discovery that has been taken in this case may be used in the South Carolina Case. The plaintiff also contends that judicial efficiency supports the trial court's ruling granting his motion.
Agreeing with the plaintiff, the trial court, at the hearing, questioned Viking's counsel whether the discovery that Viking had done in this case could be used in the South Carolina Case. Viking's counsel answered in the affirmative but argued that Viking was entitled to a dismissal with prejudice based on its motion for summary judgment. The trial court disagreed.
On appeal, Viking again contends that the trial court was required to grant its *46 motion for summary judgment under La. C.C.P. art. 966 and that the trial court "had no discretion to disregard summary judgment in favor of dismissal without prejudice." We disagree. Contrary to Viking's contention, the trial court had the discretion to grant the motion to dismiss absent evidence that Viking would have been deprived a just defense or would have lost substantive rights. Viking failed to establish either.
Summarizing, given the discovery Viking has done in this case can be used in the South Carolina Case coupled with Viking's failure to establish that as a result of the dismissal it would be deprived of a just defense or lose substantive rights, we cannot conclude the trial court abused its wide discretion in granting the motion to dismiss without prejudice.[13]
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

Viking further points out that the motion to dismiss (rule to show cause), filed on June 7, 2018, was untimely because it should have been filed no later than April 30, 2018. Viking still further points out that "[e]ven if the continued, last rule date of July 6, 2018 is used to calculate the motion due date as May 7, 2018, plaintiffs' motion would still be 30 days late."

La. C.C.P. art. 1671 provides as follows:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

See also Botanica , 04-1086, p. 6, 897 So.2d at 759 (observing that "[a]n abuse of discretion has been found in dismissals without prejudice where the substantive rights of the defendant would be lost or where the defendant would be deprived of a just defense"); Kennison v. BLR Constr. Cos., L.L.C ., 07-743, p. 2 (La. App. 3 Cir. 12/5/07), 971 So.2d 1232, 1233-34 (same).

Given our holding, we pretermit consideration of the denial of Viking's motion for summary judgment as moot.