# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LATASHIA BORDEN INDIVIDUALLY AND ON
BEHALF OF HER DECEASED HUSBAND, KENNETH
ANCAR

VERSUS

UNITED SPECIALTY INSURANCE CO., W. B.
COMPANY, INC. AND BRANDON BONVILLIAN

CONSOLIDATED WITH

KENNETH RAY ANCAR, JR., KEINA RAI
TOMPKINS, AND KRYSTAL RENEE ANCAR

VERSUS

QEO INSURANCE GROUP, BRANDON J.
BONVILLAIN, W. B. COMPANY, INC., WILLIE
BONVILAIN, JR. AND JOSEPHINE TRAHAN
BONVILLAIN

**FEB 1 8 2021**

---

In Re:    QEO Group, LLC, applying for supervisory writs, 17th
          Judicial District Court, Parish of Lafourche, No.
          132303 c/w 132560.

---

**BEFORE:    WHIPPLE, C.J., WELCH AND CHUTZ, JJ.**

**WRIT DENIED.**

**WRC**

    **Whipple, C.J.,** concurs. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (per curiam), are not met.

    **Welch, J.,** dissents. If an application to dismiss plaintiff's action is made after the defendant makes an appearance of record, the district court may refuse to grant the judgment of dismissal except with prejudice. La. Code Civ. P. art. 1671. This decision is in the vast discretion of the district court. See La. Code Civ. P. art. 1671 cmt. (b). An abuse of discretion has been found in dismissals without prejudice: (1) where substantive rights of the defendant would be lost; or (2) where the defendant would be deprived of a just defense. **Kennison v. BLR Construction Companies, L.L.C.,** 2007-743 (La. App. 3d Cir. 12/5/07), 971 So.2d 1232, 1234. In opposition to QEO Group, LLC's motion to dismiss, Louisiana Companies argued that a dismissal without prejudice would allow QEO Group, LLC to file another case in another forum, which would create legal issues as to whether depositions and/or filings in this case could be used in the new forum. Louisiana Companies also argued it "may be faced with having to engage in depositions/filings that could in large part duplicate what already has been accomplished in this litigation." However, ordinary inconveniences of double litigation do not equate to a loss of a substantive right or a deprivation of a just defense, and the fact that the plaintiff intends to institute, or in fact institutes, another suit on the same cause of action is not a sufficient ground for a denial of the plaintiff's motion to

discontinue an action.  **Sizemore v. Reilly-Benton Company, Inc.,** 2018-0826 (La. App. 4th Cir. 2/6/19), 265 So.3d 41, 45, citing 27 C.J.S. Dismissal and Nonsuit § 27.  Louisiana Companies did not point to any substantive right or defense that would be lost as the result of dismissing QEO Group, LLC's claims against it; therefore, I find the district court abused its discretion in denying the motion to dismiss and would grant the writ application, dismissing all claims asserted by QEO Group, LLC against Louisiana Companies without prejudice.

COURT OF APPEAL, FIRST CIRCUIT

_a.s~_

_____
DEPUTY CLERK OF COURT
FOR THE COURT