Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,180-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

W.A. LUCKY, III                                          Plaintiff-Appellant

versus

BARBARA MARIE CAREY                              Defendants-Appellees
LOLLAR A/K/A F/K/A
BARBARA MARIE CAREY
CARR, RONALD WILLIAM
LOLLAR, MAGNOLIA ISLAND
PLANTATION, L.L.C., AND
TRIBUTARY PROPERTIES, LLC

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 155,382

Honorable Michael Nerren, Judge

* * * * *

AYRES, SHELTON, WILLIAMS,                   Counsel for Appellant
BENSON & PAINE, LLC
By:  Curtis Ray Shelton


DAVIDSON, SUMMERS, HEARNE,             Counsel for Appellees
MARTIN & POWELL, LLC
By:  Andrew D. Martin
     James Davis Powell

* * * * *

Before STONE, ROBINSON, and ELLENDER, JJ.

**STONE, J.**

This appeal arises from the Twenty-Sixth Judicial District Court, the Honorable Michael Nerren presiding.[1]  Barbarba Lollar ("Barbara") and Magnolia Island Plantation, LLC ("Magnolia")[2] (collectively, "appellees" and/or "plaintiffs-in-reconvention") obtained a judgment allowing them to dismiss *without* prejudice their reconventional demands against W.A. Lucky, III ("Lucky"), the appellant/defendant-in-reconvention.  This judgment was silent as to payment of court costs.  Also, it "denied as moot" Lucky's motion for summary judgment ("MSJ") seeking dismissal of the reconventional demands *with* prejudice.  For the following reasons, we affirm and remand with instructions.

## FACTS

This case stems from the same dispute as was concerned in our earlier decision, *Lucky v. Carr*, 52,434 (La. App. 2 Cir. 1/16/19), 264 So. 3d 693, *writ denied,* 19-0261 (La. 4/8/19), 267 So. 3d 616.  Barbara (who previously used the surname "Carr") purchased a certain piece of land that Lucky wanted to own.  After she purchased it, Lucky filed a notice of lis pendens against the property in the parish mortgage and conveyance records on December 11, 2017.  In conjunction therewith, Lucky also filed suit for money damages alleging that he and Barbara had entered an oral contract of mandate wherein Barbara promised to: (1) buy the property in her own name as an undisclosed agent on his behalf; and (2) then sell the property to him.

---

[1] Judge Nerren apparently replaced Judge John Robinson at some point during the case, as the latter's signature appears on some of the earlier interlocutory orders and judgments of the trial court in this matter—including appellant's own judgment of voluntary dismissal without prejudice.

[2] Barbara's new husband, Ronald Lollar, and Tributary Properties, LLC, are also named as parties to the suit.

On that basis, the trial court awarded in favor of Lucky and against Barbara an approximately $1.8 million money judgment on January 5, 2018. The performance of such a contract of mandate changes title to immovable property. Therefore, such contract must be reflected in a signed writing to be valid. La. C.C. arts. 1839, 2440, and 2993.[3] Accordingly, we reversed the trial court's judgment. *Id.*

While that appeal was pending, Lucky, on February 20, 2018, filed a revocatory action against Barbara and her new husband, Ronald Lollar ("Ronald"), and Magnolia (owned by Ronald, formed on October 30, 2017). This suit alleged that, to evade enforcement of Lucky's above-mentioned judgment: (1) Barbara transferred the subject immovable to Ronald (in exchange for a promissory note and mortgage); and (2) then Ronald transferred the subject immovable to Magnolia in exchange for its assumption of the mortgage. Lucky also filed another notice of lis pendens (also on February 20, 2018). In response, on October 11, 2018, the appellees reconvened against Lucky for damages allegedly suffered because of the lis pendens; they claimed slander of title and abuse of process. Thereafter, on April 8, 2019, our reversal of Lucky's $1.8 million judgment against Barbara became final.

On April 16, 2021, Lucky, as defendant-in-reconvention, filed an MSJ against the reconventional demand. On April 24, 2019, Lucky filed a motion and order to dismiss whereby he obtained a judgment, signed April 25, 2019, allowing him to voluntarily dismiss his revocatory action *without*

---

[3] "Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath." La. C.C. art. 1839.

prejudice and cancel the lis pendens.  This judgment is silent regarding court costs.  There is no indication on this motion and order (or elsewhere in the record) that it was served on the appellees prior to the court's granting it.  Neither does the motion/order request that the matter be set for a contradictory hearing, nor indicate that there was otherwise any opportunity for the appellees to object, nor that they or their attorney appeared in court in connection with this judgment.  Rather, this judgment states that it was "RENDERED, READ, AND SIGNED in chambers."  The record therefore indicates that the trial court signed this motion/order *ex parte* the day after it was filed.  Furthermore, there is no indication in the record that the clerk sent the appellees notice of this judgment after it was signed.

The appellees/plaintiffs-in-reconvention maintained their action.[4] Lucky filed another MSJ on July 13, 2021.  Against that background, the appellees filed their original and amended motions to dismiss *without* prejudice, the latter on March 20, 2023.  Lucky opposed dismissal without prejudice of the appellees' reconventional demand.  As previously stated, the trial court granted the appellees' motion to dismiss their reconventional demand without prejudice (and denied Lucky's latter MSJ as moot) but is silent regarding court costs.

## ISSUES

Lucky now appeals, urging two assignments of error: (1) the trial court erred in granting the appellees' motion to dismiss without prejudice; and (2) the trial court erred in not requiring the appellees to pay all costs in

---

[4] Per the trial court minutes, Lucky's April 16, 2021, MSJ was "denied" in open court on May 18, 2021, but no written judgment was ever rendered. Lucky alleges that this was done to allow appellees more time for discovery.

3

conjunction with the granting of the appellees' motion to dismiss without prejudice; Lucky requests that if their judgment of dismissal without prejudice of the reconventional demand is affirmed, the appellees be ordered to pay "all costs associated with this lawsuit."

## DISCUSSION

La. C.C.P. art. 1671, entitled Voluntary Dismissal, states:

> A judgment dismissing an action without prejudice *shall* be rendered upon application of the plaintiff *and upon his payment of all costs,* if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court *may* refuse to grant the judgment of dismissal except with prejudice. (Emphasis added).

Decisions on voluntary dismissal are subject to abuse of discretion review. The OFFICIAL REVISION COMMENTS-- 1960 to article 1671 state:

> After an appearance, the plaintiff's right to dismiss rests within the sound discretion of the court. In this connection it should be noted that if a plaintiff fails to make out his case for lack of sufficient evidence which it appears he will be able to supply later, his rights should be preserved for another occasion by granting a judgment of nonsuit. However, if it appears plaintiff will not be able to substantiate his claim, a judgment of absolute dismissal must be rendered. (Internal citations omitted).

Lucky and the appellees in effect agree on the legal standard governing the trial court's discretion: a judgment of dismissal without prejudice under article 1671 should only be reversed if: (1) "substantive rights of the defendant would be lost" because of the dismissal; or (2) if "the dismissal would deprive the defendant of a just defense."[5]

---

[5] For example, Lucky primarily cites *Kennison v. BLR Constr. Cos., L.L.C.*, 07-743 (La. App. 3 Cir. 12/5/07), 971 So. 2d 1232, and *City Nat. Bank v. Anlage*, 448 So. 2d 199 (La. App. 1 Cir. 1984) for the proposition that a judgment of dismissal without prejudice under article 1671 can only be reversed if: (1) "substantive rights of the defendant would be lost" because of the dismissal; or (2) if "the dismissal would deprive

La. C.C.P. art 1673 and the OFFICIAL REVISION COMMENT—

1960 appended thereto provide:

> A judgment of dismissal with prejudice shall have the
> effect of a final judgment of absolute dismissal after trial.
> A judgment of dismissal without prejudice shall not
> constitute a bar to another suit on the same cause of action.
>
> OFFICIAL REVISION COMMENT--1960
> A judgment of dismissal with prejudice is not a definitive
> judgment, but merely a final judgment and subject to the
> rules governing such judgments. See Arts. 1841 and 1842,
> *infra*. A case dismissed without prejudice can be
> reinstituted; the judgment rendered therein is neither final
> nor definitive.

An interlocutory judgment, such as a voluntary dismissal without

prejudice, can be revised by the trial court at any time.  La. C.C.P. art.

1915(B)(2); *Koerner v. Certain Underwriters at Lloyd's London*, 24-00134

(La. 3/19/24), 381 So. 3d 702.[6]

In this case, Lucky dismissed *ex parte* his revocatory action (i.e., the

principal demand) *without* prejudice after it became conclusively established

that he had no right to revocatory relief—because Barbara was conclusively

adjudged not indebted to him.  *See Lucky v. Carr*, *supra*.  Because Lucky's

dismissal without prejudice deprived Barbara (and thus Magnolia) of this

"just defense" against Lucky's revocatory action, Lucky's own voluntary

dismissal ran afoul of the very jurisprudence Lucky now cites.  *Kennison*,

*supra* at n.5; *City Nat*., *supra* at n.5.

It would be quite inequitable to now allow Lucky to require dismissal

*with* prejudice of the reconventional demands against him, which he himself

---

the defendant of a just defense."  The appellees primarily cite *Succession of Romero,* 18-923 (La. App. 3 Cir. 5/8/19), 271 So. 3d 1276, 1278, which holds the same.

[6] This principle, however, may be limited by the law of the case doctrine, which is not relevant here.

provoked by filing the revocatory action and the lis pendens against the appellees. Lucky did these things in anticipation of being able to enforce his erroneous $1.8 million trial court judgment, which was based on Lucky's unmeritorious judicial demand for the enforcement of a legally unenforceable contract. *Lucky v. Carr*, *supra*; La. C.C. arts. 1839, 2440, and 2993. Thus, even if the reconventional demands are meritless and Lucky's MSJ is meritorious, the judgment dismissing the reconventional demands *without* prejudice must be affirmed so long as Lucky's dismissal *without* prejudice of the unmeritorious revocatory action remains. As the idiom states, "sauce for the goose is sauce for the gander."

Regarding court costs, the same principle controls. The salient fact is that Lucky's *ex parte* judgment of dismissal *without* prejudice does not order that Lucky pay (or indicate he already paid) any of his opponents' court costs necessitated by his revocatory action and lis pendens. Therefore, the appellees will not be ordered to pay any of Lucky's court costs necessitated by their reconvention unless and until Lucky is ordered to pay all court costs reasonably necessitated by his filing and prosecuting his revocatory action and lis pendens.

## CONCLUSION

The judgment of the trial court is **AFFIRMED** and this case is **REMANDED** for further proceedings consistent with this opinion. All costs of this appeal are taxed to Lucky.